ON PETITION FOR WRIT OF MANDAMUS
GAJARSA, Circuit Judge.

ORDER

Alphonso Scott petitions for a writ of mandamus to direct the Court of Appeals for Veterans Claims to comply with this court’s judgment in appeal 99-7197.
Scott previously appealed, to this court, a decision of the Court of Appeals for Veterans Claims that had denied his claim for benefits as not well-grounded. We noted that the recent enactment of the *480 Veterans Claims Assistance Act (VCAA) had eliminated the concept of a well-grounded claim. Thus, we vacated the decision and remanded with instructions that the Court of Appeals for Veterans Claims remand “to the appropriate authority in order to achieve prompt compliance with the requirements of current law.” Scott v. Gober, no. 99-7197, slip op., 2000 WL 1801240 (Fed.Cir. Dec.6, 2000). Following issuance of this court’s mandate, the Court of Appeals for Veterans Claims on February 22, 2001 vacated the decision of the Board of Veterans’ Appeals and remanded for readjudication under the VCAA.
On September 10, 2001, Scott filed a document that the Court of Appeals for Veterans Claims treated as a petition for a writ of mandamus to direct the Board of Veterans’ Appeals to decide his case more promptly. That court denied the mandamus petition on October 12, 2001, noting that that the delay was not unreasonable and that Scott had not shown that he had exhausted administrative remedies by showing, beyond a mere assertion, that he had attempted to get a more prompt processing of his case at the Board.*
Scott did not appeal the denial of mandamus to this court. Instead, approximately seven months later, Scott filed a petition for a writ of mandamus in this court. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).
Scott argues that the Court of Appeals for Veterans Claims has failed to ensure that his case is adjudicated in accordance with this court’s previous decision. However, Scott has not shown that the Court of Appeals for Veterans Claims did not act promptly in remanding his claim to the Board. To the extent that Scott is arguing that the Court of Appeals for Veterans Claims improperly denied his mandamus petition, the opportunity to challenge that ruling passed when Scott did not appeal that order. In that respect, Scott had an alternative means to obtain the relief that he seeks, and his mandamus petition in this court must be denied. See Mallard, 490 U.S. at 309 (petitioner must show the absence of alternative means to obtain the relief sought by mandamus).
Accordingly,
IT IS ORDERED THAT:
Scott’s petition for a writ of mandamus is denied.

 We request that the Secretary inform this court regarding the status of Scott’s case.